DOUGLAS M. MILLER Cal. Bar No. 240398
Email: millerdou@sec.gov
DAVID M. ROSEN Cal. Bar No. 150880
Email: rosend@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>     vs.<br><br>SEXTON ADVISORY GROUP, INC., and STEVEN M. SEXTON,<br><br>              Defendants. | Case No.  5:20-cv-01806-JGB-KKx<br><br>**FINAL JUDGMENT AS TO DEFENDANT SEXTON ADVISORY GROUP, INC.** |

## FINAL JUDGMENT AS TO DEFENDANT

## SEXTON ADVISORY GROUP, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Sexton Advisory Group, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph 6); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

///

# I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

///

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, directly or indirectly, in the absence of any applicable exemption, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with defendant Steven M. Sexton for disgorgement of $244,653.70, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $27,137.70, for a total of $271,791.40, which shall be partially offset by $251,826.74, the amount that Defendant previously paid to the Trustees of the Woodbridge Liquidation Trust, the successor in interest to the Woodbridge Group of Companies, LLC, related to a case pending in the United States Bankruptcy Court of the District of Delaware entitled *In re Woodbridge Group of Companies, LLC, el al.*, No. 17-12560-KJC.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also

be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Sexton Advisory Group, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

A Fair Fund is established pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C. §7246(a)], from the funds deposited with the Commission pursuant to Defendant's final judgment in this matter, plus interest earned on those funds (the "Fund").

The funds deposited with the Commission in this matter will be transferred to the Liquidation Trust created by the Chapter 11 Bankruptcy Plan in the *In Re Woodbridge Group of Companies, LLC, et al.*, Case No. 17-12560-KJC (D. DE)

(Jointly Administered) ("Bankruptcy Case") bankruptcy proceeding to be distributed in accordance with the Liquidation Plan approved by the Court in the Bankruptcy Case (DE 2903) ("Liquidation Plan").

The Court shall retain jurisdiction over the administration of any distribution of the Fund pursuant to the Fair Fund provisions.  If the Commission staff determines that the Fund will not be distributed or transferred to the Bankruptcy Case, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  September 3, 2020

_____
HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE